KAREN LAWSON-HARRIS, Respondent Below-Appellant,
v.
ROGER HARRIS, Petitioner Below-Appellee.
No. 214, 2007.
Supreme Court of Delaware.
Submitted: June 20, 2008.
Decided: July 15, 2008.
Before HOLLAND, BERGER and JACOBS, Justices.

ORDER
CAROLYN BERGER, Justice.
This 15th day of July 2008, upon consideration of the Family Court's report following remand and the appellant's opening supplemental memorandum,[1] it appears to the Court that:
(1) The respondent-appellant, Karen Lawson-Harris ("Wife"), filed an appeal from the Family Court's April 18, 2007 order, which found that she was entitled to alimony, but denied her request for alimony on the ground that the petitioner-appellee, Roger Harris ("Husband"), could not afford to pay it. Because the transcript of the alimony hearing did not reflect that the Family Court fully addressed Wife's claim that Husband's interest in the marital home should be available for the payment of alimony, we remanded this matter to the Family Court so that the issue could be addressed.
(2) On April 10, 2008, the Family Court filed its decision following remand. In its decision, the Family Court took into consideration whether Husband's share of the marital home was available for the payment of alimony to Wife. Relying upon Del. Code Ann. tit. 13, § 1513(a) (4),[2] the Family Court determined that Husband's 55% share of the marital home was available in lieu of the payment of alimony to Wife. The Family Court valued the home (a triple-wide mobile home) at $72,000, as contained in Wife's pretrial stipulation, netted out the outstanding mortgage of $45,000, and calculated that Husband would receive approximately $12,000 from the sale of the marital home, all of which would be available in lieu of the payment of alimony to Wife.
(3) This Court's review of appeals from the Family Court extends to a review of the facts and the law as well as the inferences and deductions made by the judge.[3] This Court will not disturb findings of fact unless they are clearly wrong and justice requires that they be overturned.[4] If the Family Court has correctly applied the law, the standard of review is abuse of discretion.[5] We find no error or abuse of discretion on the part of the Family Court in its decision to award Wife the value of Husband's share of the marital home in lieu of alimony pursuant to Del. Code Ann. tit. 13, § 1513. We, therefore, conclude that the judgment of the Family Court should be affirmed.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.[6]
NOTES
[1] On May 27, 2008, the Court denied the appellee's attorney's motion to file his answering supplemental memorandum out of time.
[2] Section 1513(a) (4) provides that ". . . the Court shall . . . equitably divide, distribute, and assign the marital property between the parties . . . after considering all relevant factors including: [w]hether the property award is in lieu of or in addition to alimony. . . ."
[3] Wife (J.F.V.) v. Husband (O.W.V., Jr.), 402 A.2d 1202, 1204 (Del. 1979).
[4] Solis v. Tea, 468 A.2d 1276, 1279 (Del. 1983).
[5] Jones v. Lang, 591 A.2d 185, 186 (Del. 1991).
[6] Wife's request that this Court consider additional facts and further modify the Family Court's order is denied. This Court will not consider arguments that were not presented to the Family Court in the first instance. Supr. Ct. R. 8.